985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnnie MEADOWS, Plaintiff-Appellant,
v.
Daniel GRIFFITH; Tom Mccort; Daniel Phillips; Chip
Williams; Robert Tush; Landon T. Smith; James
Pickenpaugh; Denzel Knolton; Fred Siranni; Richard D.
Ellis; Robert D. Sears; Joel J. Allen; K.R. Martin; T.R.
Price; Patricia Ankrom, Defendants-Appellees.
 No. 92-3373.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Johnnie Meadows appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and declaratory relief, Meadows sued various Ohio county personnel, alleging that the defendants engaged in numerous illegal searches and seizures of his property and violated his due process rights when they failed to return his property. The district court initially concluded that Meadows failed to state a due process claim. The court further concluded that Meadows's claims regarding four of the searches and seizures of his property were barred by the doctrine of collateral estoppel because the Ohio state courts had previously concluded that these searches were constitutionally proper. The district court then determined that Meadows's claims regarding the remaining searches were without merit and dismissed the case. Meadows has filed a timely appeal. On appeal, Meadows requests the appointment of counsel.
 
 
 3
 Upon review, we conclude that the district court properly dismissed Meadows's case. There is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). We note that we do not rely on the doctrine of Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986), to conclude that Meadows's due process claim lacks merit. The Parratt doctrine does not apply to the case because the defendants retained Meadows's seized property pursuant to established state procedures; hence, there was no random and unauthorized deprivation of his property. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982). The claim is nonetheless without merit because Meadows received all the process due him.
 
 
 4
 Accordingly, we deny Meadows's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.